## In re KNOX.
### Patent Appeal No. 3137.

Court of Customs and Patent Appeals.
June 5, 1933.

Charles M. Thomas, of Washington, D. C., Lewis E. Lyon, of Los Angeles, Cal., and Francis D. Thomas, of Washington, D. C. (Lyon & Lyon, of Washington, D. C., of counsel), for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

BLAND, Associate Judge.

Appellant has here appealed from the decision of the Board of Appeals of the United States Patent Office, affirming that of the examiner in rejecting claims 14, 16, 19, 20, 21, and 23 of an application for a patent of an attachment for six-wheeled motorbusses and trucks.

The applicant was allowed seventeen claims contained in said application.

Claims 14, 20, and 21 are regarded by appellant as illustrative of the claims on appeal, and will be so regarded by us. They follow:

"14. The combination with a vehicle comprising a frame, springs, an axle with wheels thereon supporting said springs intermediate the ends thereof, said springs having one of their ends connected to the ends of a pair of rocker arms, brackets on said frame for pivotally supporting said rocker arms intermediate their ends, an additional axle mounting wheels, additional brackets on said frame and connections from said last named brackets to said last named axle and means connecting said last named axle to said rocker arms whereby said axle may have oscillatory and sliding movements relative to said rocker arms."

"20. A vehicle comprising a frame, an axle, wheels on said axle, a spring mounted on said axle, a second axle, a rocker arm located above said last mentioned axle and pivoted to the frame means connecting said axle to one end of said rocker arm and permitting oscillating and sliding movements of said last mentioned axle relative to said rocker arm, means connecting said last named axle to the frame and a link connecting said spring and the other end of said rocker arm."

"21. A vehicle comprising a frame, an axle, wheels on said axle, a spring mounted on said axle, a second axle, a rocker arm having at least a portion thereof located above said last mentioned axle and pivoted to the frame, means connecting said axle to one end of said rocker arm and permitting oscillating and sliding movements of said last men-

tioned axle relative to said rocker arm, means pivotally connecting said last named axle to the frame and a link connecting said spring and the other end of said rocker arm."

The claims were rejected upon two grounds: First, that appellant's disclosure does not support the claims; second, that appellant is estopped from obtaining the appealed claims because they were not presented within two years from the granting of a patent to Fager, No. 1,620,809, of March 15, 1927, appellant having been in interference with the inventor Fager, in which interference certain claims of the Fager patent were involved.

The subject-matter of the application is concerned with a means of attaching two additional wheels to supplement the rear load carrying wheels of a truck. The purpose of the attachment is to provide means whereby the additional wheels will be in constant contact with the road surface, irrespective of the unevenness thereof.

Appellant's disclosure shows a rear axle and wheels, the axle supporting the springs intermediate the ends thereof. The hanger brackets on each side of the truck support rocker arms pivotally secured by means of spring hangers to the forward free ends of the springs. The axle is secured to the rocker arms in such a way that, when the arm rocks on pivots, the wheel is permitted to move into such position as to keep in constant contact with the surface of the road.

The particular feature of appellant's structure which is here called in question relates to the pivot stud, which is designated in the drawing of figure 1 as No. 13, and the bearing block into which the said stud is fitted for oscillatory movement. The stud is represented as being fitted sufficiently loose in the bore to permit the oscillatory movement necessary to bring about the purposes desired. It is the contention of the appellant that, if it is sufficiently loose to oscillate, it is sufficiently loose to slide in the bore when the axle and wheels shift to follow the irregularity of the road, and that, therefore, he has disclosed the sliding feature of the counts.

Appellant copied claims 10 and 11 of the Fager patent and won priority thereof in an interference proceeding in the Patent Office. Said claims 10 and 11 covered the oscillating motion of said axle relative to said levers, etc. Fager's patent also included claims such as claims 8 and 9 which call for oscillatory and sliding movements of said extra axle. After said interference, appellant inserted in his application the claims at bar which call

for both the oscillating and sliding movements, and differ in no material respect from said claims 8 and 9.

The Board held that appellant, under rule 109, should have added the subject-matter of the claims here involved to the interference with Fager, while the interference was pending, and that his failure to present such claims within two years after the issuance of the Fager patent constituted a bar to his having them in the instant application.

Appellant argues that the claims calling for oscillatory movement broadly include the invention of the claims at bar, and that the winning party in interference proceedings is entitled to have allowed in his application all claims which are subordinate to the claims won in interference, and further argues that the invention of the claims at bar is the same invention as that of the claims he was awarded in interference. He points to the fact that, if the claims at bar and those won in interference had called for separate inventions, division would have been required in the Patent Office. Appellant argues at length that the rule announced by the Board applies only to the losing party, in an interference proceeding, and not to the winning party.

As we view it, the claims won in interference, as far as the issue here at bar is concerned, relate solely to the oscillatory movement of the axle which was inherent in both structures, while the claims at bar cover both the oscillatory feature and the slidable feature. These two features are clearly described and claimed in Fager and are inherent in his structure. Only one of such features, the oscillatory feature, is disclosed in appellant's application.

In view of our conclusion that appellant's application does not disclose the slidable feature called for by the counts, which is the first ground of rejection by the Board of Appeals, we do not deem it necessary to decide or further discuss the second ground. We think the action of the Board was correct in affirming the decision of the examiner in rejecting the claims as not reading on appellant's disclosure.

As before stated, the appellant urges that, if the rocker arms are sufficiently loose to permit oscillation, they would be sufficiently loose to permit sliding. With this contention we cannot agree. There is no suggestion anywhere that the connection at the point discussed was ever intended to be adjusted for any other purpose than for oscillation, and it is not apparent that there would be

or ever was intended to be any sliding motion at the point suggested.

Appellant's able counsel cite several authorities, including Consolidated Rubber Tire Co. v. Firestone Tire & Rubber Co. (C. C. A.) 151 F. 237, as supporting their contention that a drawing is a sufficient disclosure of a feature, although no mention of same is made in the specification, if the claimed feature is inherent in the structure as is shown in the drawing. · It is admitted that appellant has said nothing in his specification about the sliding movement, but appellant contends that other language showed the motion of the axle, and that, if the sliding movement was inherent in the structure, as disclosed in the drawing, it would be sufficient. Appellant has cited and discussed Wagenhorst v. Hydraulic Steel Co. (C. C. A.) 27 F.(2d) 27, 31, where it was said: "What clearly appears by a drawing though not fully described may be a sufficient disclosure."

As before stated, the drawing does not disclose anything slidable about the connection in controversy, and we do not think that a sliding movement is inherent in such a connection. On the contrary, the kind of connection appellant disclosed would seem to suggest that a sliding movement at that point was not desired by the inventor and was, by him, regarded as not necessary to the proper functioning of the device.

We therefore hold that appellant's disclosure does not support the claims, and that, for this reason, such claims were not improperly denied to the appellant. The decision of the Board of Appeals is affirmed.

Affirmed.